AO 91 (Rev. 11/11) Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

JUL 2 5 2014

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| United States of America<br>v.<br>Javier Alberto VAZQUEZ<br>Hector Hugo VAZQUEZ Estrada<br>Gabriel ALARCON Hernandez<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 3:14-M-3060-NJG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 17, 2013 to July 24, 2014  in the county of  El Paso  in the  Western  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| TITLE 21 USC 846 | CONSPRIACY TO DISTRIBUTE APPROXIMATELY 100 KILOGRAMS OR MORE OF MARIJUANA |

This criminal complaint is based on these facts:

AS FURTHER DESCRIBED IN ATTACHMENT A

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher W. Shary, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7-25-14

City and state:  El Paso, Texas

*Judge's signature*

Norbert J. Garney, U.S. Magistrate Judge
*Printed name and title*

United States of America

V

Javier Alberto VAZQUEZ
Hector Hugo VAZQUEZ Estrada
Gabriel ALARCON Hernandez

Criminal Complaint Page | 2

From October 17, 2013 to July 24, 2014, members of the El Paso Division (EPD) Financial Investigations Team have conducted surveillance of the drug trafficking activities conducted at VAZQUEZ JEWELRY located at 4301 Montana Avenue, Suite C, El Paso, Texas by Javier VAZQUEZ, Hector VAZQUEZ and Gabriel ALARCON Hernandez.

During this time period agents have conducted physical surveillance, and surveillance with the use of two separate pole camera located in the alleyway directly behind VAZQUEZ JEWELRY. During this time period agents have observed J. VAZQUEZ, H. VAZQUEZ, and ALARCON, consolidate, repackage and distribute over 100 kilograms of marijuana from the business and the vehicles registered to the defendants that were located in the rear of the building.

On July 24, 2014, a Federal search warrant was obtained and executed on VAZQUEZ JEWELRY. Prior to the execution of the search warrant on the business, agents observed J. VAZQUEZ arrive and park his vehicle in the rear of the business and then enter into the business. At the execution of the search warrant, J. VAZQUEZ attempted to flee the business through the rear door of the business that lead to the alley. Agents were able to apprehend and arrest J. VAZQUEZ, H. VAZQUEZ and ALARCON who were all inside the business at the time of the search warrant.

After securing the business, Task Force Officer (TFO) Eddie Orozco and his assigned K-9 partner "Apollo" conducted a non-intrusive free air sniff of the interior of the business. TFO Orozco noticed his assigned K-9 partner "Apollo" alert to both safes in J. VAZQUEZ office, a hand bag located on a chair in the office, and to baggie on the counter in the office containing a white powdery substance. A subsequent search of the areas that "Apollo" alerted to reveal approximately 9.9 kilograms (22 pounds) of marijuana concealed inside the safes, 2.7 kilograms (6 pounds) of marijuana concealed inside the hand bag, and 8.1 grams of cocaine inside the baggie on the counter.

TFO Orozco then conducted a non-intrusive free air sniff on the vehicle that J. VAZQUEZ had positioned in the alley prior to the search warrant with his assigned K-9 partner "Apollo". During the free air sniff of the vehicle, TFO Orozco observed "Apollo" alert to the passenger side doors of the vehicle for the presence of concealed narcotics. A subsequent search of the vehicle revealed two motor oil boxes in the back seat with a towel draped over then in an attempt to hide the boxes. Inside the boxes agents discovered approximately 22.6 kilograms (50 pounds) of marijuana.

Agents then transported J. VAZQUEZ, H. VAZQUEZ and ALARCON to the DEA Division office to be processed and debriefed. Agents then retrieved biographical information from J. VAZQUEZ, H. VAZQUEZ and ALARCON prior to any questioning.

Special Agent (SA) Christopher Shary and Task Force Agent (TFA) Julian Mora conducted a post arrest debriefing of H. VAZQUEZ. Prior the debriefing, H. VAZQUEZ read a DEA 13b (Advise of Rights in the Spanish language) and stated that he fully understood his rights and was willing to speak to agents without the presence of a lawyer. During the debriefing, H. VAZQUEZ stated he had worked at VAZQUEZ JEWELRY since August 2013 for his cousin J. VAZQUEZ. H. VAZQUEZ stated that J. VAZQUEZ and ALARCON would cross small amounts of marijuana in their vehicles from Juarez,

United States of America

V

Javier Alberto VAZQUEZ
Hector Hugo VAZQUEZ Estrada
Gabriel ALARCON Hernandez

Criminal Complaint Page | 3

Chihuahua, Mexico and store the crossed marijuana in the safes at the jewelry store. H. VAZQUEZ stated that both J. VAZQUEZ and ALARCON have Designated Commuter Lance (DCL) passes and would cross loads of marijuana daily until the safe was full. H. VAZQUEZ stated that once the safe was full that he, J, VAZQUEZ, and ALARCON would repackage the marijuana bundles inside beer boxes and motor oil boxes, to be later distributed throughout El Paso, Texas. H. VAZQUEZ stated that the boxes containing the marijuana would remain inside the safe until the drug trafficking organization (DTO) members that would transport the marijuana would come and retrieve the boxes.

H. VAZQUEZ stated that just prior to the DTO members arriving to retrieve the boxes of marijuana at the jewelry store, that the boxes of marijuana would be taken out of the safe and placed in to multiple vehicles in the alley located behind the jewelry store. H. VAZQUEZ stated that they would distribute at least two full boxes of marijuana from the jewelry store one to two times a week and that each box contained approximately 25 pounds of marijuana.

SA Shary and TFA Mora then conducted a post arrest debriefing of ALARCON. ALARCON read a DEA 13b (Advise of Rights in the Spanish language) and stated that he fully understood his rights and was willing to speak without the presence of a lawyer. ALARCON stated that approximately one to two months ago he lost his job in Juarez, Chihuahua, Mexico. ALARCON stated that he began working for his brother in law, J. VAZQUEZ, and helped cross loads of marijuana into the United States from Juarez, Chihuahua, Mexico. ALARCON stated that he would cross 2-5 bricks of marijuana inside his vehicle through the DCL into El Paso, Texas, at a time. ALARCON stated that he would then transport and store the marijuana in the safe at the Jewelry store until it was to be repackaged inside boxes and distributed to other DTO members. ALARCON stated that he would personally receive the bricks of marijuana from J. VAZQUEZ in Juarez prior to crossing them into the United States.

ALARCON stated that when he was not crossing the bricks of marijuana that he would meet with J. VAZQUEZ in the downtown area of El Paso, Texas and retrieve the bricks that J. VAZQUEZ had crossed through the DCL port of entry (POE). ALAROCN stated that he, ALARCON, would then transport the marijuana to be stored in the safe in the jewelry store.

SA Shary and TFA Mora then conducted a post arrest debriefing of J. VAZQUEZ. J. VAZQUEZ read a DEA 13b (Advice of Rights in the Spanish Language). J. VAZQUEZ stated that he fully understood his rights and was not willing to speak to agents without the presence of a lawyer. At which point the debriefing was stopped and J. VAZQUEZ was placed back into holding until transported to the El Paso Detention Facility.

SA Shary and TFA Mora took custody of J. VAZQUEZ, H. VAZQUEZ and ALARCON and transported then to the El Paso Detention Facility in El Paso, Texas where they were all processed and transferred into their custody without incident.

_____
Christopher W Shary,
DEA Special Agent

_____
U.S. Magistrate Judge Norbert J. Garney